IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LISA FLORES,                                     Civ No. 06-1564-AA

       Plaintiff,                           OPINION AND ORDER

  v.

QUICK COLLECT, INC.;
GREGORY A NIELSON; and
GREGORY A NIELSON PS;

      Defendants.
_____

Keith D. Karnes
Olsen, Olsen, & Daines, LLC
1599 State Street
P.O. Box 12829
Salem, OR  97309-0829
    Attorney for Plaintiff

John Michael Unfred
P.O. Box 327
Salem, OR 97308-0327

Gregory A. Nielson
P.O. Box 873292
Vancouver, WA 98687
    Attorneys for Defendants

**1 - OPINION AND ORDER**

AIKEN, Judge:

Plaintiff Lisa Flores (Flores) files suit alleging that defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* and invaded her privacy under state common law. Plaintiff seeks actual and statutory damages for the alleged violations.

Defendants Quick Collect, Inc., Gregory A. Nielson and Gregory A. Nielson, PS move to dismiss plaintiff's FDCPA claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.

In turn, plaintiff argues that defendants' motion to dismiss should be construed as a motion for summary judgment, and that I should *sua sponte* grant judgment in favor of plaintiff, finding liability as a matter of law. I decline, however, to construe the motion to dismiss as one for summary judgment, as defendants' motion attached documents that were referenced in the complaint. Moreover, plaintiff did not file a properly noticed motion for summary judgment or adjudication. Therefore, defendants did not have an opportunity to file an appropriate opposition to such a motion. Accordingly, I consider only defendants' motion to dismiss.

For the reasons set forth below, defendants' motion to dismiss is denied.

2 - OPINION AND ORDER

STANDARD

Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiff can prove no set of facts in support of the alleged claim that would entitle the plaintiff to relief. <u>Morley v. Walker</u>, 175 F.3d 756, 759 (9th Cir. 1999). For the purpose of a motion to dismiss, the court liberally construes the complaint in favor of the plaintiff, and takes its allegations as true. <u>Lee v. County of Los Angeles</u>, 240 F.3d 754, 764 (9th Cir. 2001).

DISCUSSION

According to the allegations in the plaintiff's complaint, UFCW Northwest Federal Credit Union (UFCW) filed suit and obtained a default judgment against plaintiff in Multnomah County Circuit Court. UFCW assigned the debt to defendant Quick Collect. Defendant Nielson is counsel for Quick Collect.

Plaintiff alleges that she was never served with a copy of the summons and complaint in the Multnomah County action, and that she was unaware of the default judgment until defendants began taking action to collect on the judgment.

Plaintiff claims that defendants violated the FDCPA by, among other things, serving her with a summons for a judgment debtor examination to be conducted in the Multnomah County Circuit Court, an allegedly improper venue. Plaintiff alleges she did not reside in Multnomah County, nor was it the county in which she entered into the underlying contract with UFCW. Plaintiff states that in

3 - OPINION AND ORDER

order to comply with the debtor examination summons she had to miss work, and that when she appeared for the debtor examination in Multnomah County, no one appeared for the defendants.

Plaintiff maintains that defendants' conduct violates the following provisions of the FDCPA: 1) Section 1692d, proscribing "conduct the natural consequence of which is to harass, oppress, or abuse any person"; 2) Section 1692e, prohibiting the use of any "false, deceptive, or misleading representation or means"; 3) Section 1692f, forbidding "unfair or unconscionable means"; and 4) Section 1692i, disallowing debt collection in certain venues. These provisions include a non-exhaustive list of examples of proscribed conduct. See 15 U.S.C. §§ 1692d, 1692e, 1692f.  If a lawyer who is regularly engaged in the collection of consumer debts partakes in proscribed conduct, he or she can be found liable under the FDCPA for such litigation tactics. Heintz v. Jenkins, 514 U.S. 291 (1995).

I find that plaintiff has alleged facts which, if true, constitute violations of §§ 1692d, 1692e, 1692e(5), 1692e(10), 1692f, 1692f(5) and 1692i.

1. Section 1692d

Section 1692d prohibits harassing conduct, specifically any conduct "the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Plaintiff alleges Multnomah County is a prohibited distant venue for any collection action against her.  If accepted as true, defendants' use of a summons which threatens contempt or

4 - OPINION AND ORDER

imprisonment to compel appearance for a judgment debtor examination in a prohibited venue may constitute harassing conduct.

To the extent defendants argue that plaintiff's claims are barred by the existence of the default judgment, I disagree. The fact that a default judgment was entered against plaintiff does not preclude this court from adjudicating whether defendants' attempt to collect on the default judgment violated the FDCPA. See <u>Arizona v. California</u>, 530 U.S. 392, 414 (2000)("issue preclusion [does not attach] . . . [i]n the case of a judgment entered by . . . default").

<u>2. Section 1692e</u>

<u>a. Section 1692e(5)</u>

Section 1692e proscribes "false, deceptive, or misleading representations or means," including "the threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). In other words, § 1692e(5) requires either a threat to take illegal action or an empty threat. <u>Van Westrienen v. Americontinental Collection Corp.</u>, 94 F. Supp. 2d 1087, 1102 (D. Or. 2000). Here, according to plaintiff's complaint, defendants' summons contained an empty threat. The summons threatened contempt or imprisonment if plaintiff failed to appear for the judgment debtor examination. According to the plaintiff, however, defendants themselves failed to appear. Taking these allegations as true, I cannot find that plaintiff can prove no set of facts that would entitle her to relief under §§ 1692e and 1692e(5).

5 - OPINION AND ORDER

b. Section 1692e(10)

Section 1692e(10) forbids "the use of any false representation or deceptive means to collect or attempt to collect any debt." "'The impact of language alleged to violate [the FDCPA] is judged under the 'least sophisticated debtor' standard.'" Van Westrienen, 94 F. Supp. 2d at 1099 (quoting Swanson v. Southern Or. Credit Serv., 869 F.2d 1222, 1225 (9th Cir. 1988)).    That is, the court must find that the least sophisticated debtor would likely be misled by the alleged representation.    See Swanson, 869 F.2d at 1225.

Applying the "least sophisticated debtor" standard to the plaintiff's allegations, I find that plaintiff could show that the debtor examination summons was a deceptive means to attempt to collect plaintiff's debt.    A "least sophisticated debtor" could have interpreted the threat of contempt or imprisonment contained in the summons to imply that defendants would take immediate action against plaintiff if she did not appear in Multnomah County for the judgment debtor examination.    If, as alleged by plaintiff, defendants were unable to take immediate action in Multnomah County because it was an improper venue, plaintiff's allegations could arguably state a claim for use of false representation or deceptive means to collect on a debt.

3.  Section 1692f

Section 1692f forbids the use of "unfair or unconscionable means to collect or attempt to collect any debt" including "causing charges to be made to any person for communications by concealment

6 - OPINION AND ORDER

of the true purpose of the communication." 15 U.S.C. § 1692f(5).
The FDCPA's broad definition of a "communication" encompasses the
service of a summons. Thomas v. Law Firm of Simpson & Cybak, 392
F.3d 914, 917 (7th Cir. 2004). Here, plaintiff alleges that an
invalid summons caused charges to be made to plaintiff in the form
of attorney's fees, missed work and travel. Although such charges
might not be those contemplated by this subsection, taking
plaintiff's allegation as true, use of an illegal or improper
summons may constitute an unfair or unconscionable means to collect
a debt. Thus, at this stage of the proceedings, I decline to
dismiss plaintiff's claims under § 1692f.

4. Section 1692i

Finally, § 1692i requires that a debt collector's legal action
on a debt against a consumer be brought "only in the judicial
district or similar legal entity (A) in which such consumer signed
the contract sued upon; or (B) in which such consumer resides at
the commencement of the action." 15 U.S.C. § 1692i(a)(2).
Plaintiff alleges that Multnomah County was not the site where she
signed the contract with UFCW, nor was it the county of her
residence at the commencement of the action. Therefore, the
alleged legal action that the defendants attempted to take states
a claim for violation of § 1692i.

///

///

///

///

7 - OPINION AND ORDER

<u>CONCLUSION</u>

For the reasons stated above, the defendants' motion to dismiss (doc. 6) is DENIED.

IT IS SO ORDERED.

Dated this _21_ day of January, 2007.


_____

Ann Aiken
United States District Judge

**8 - OPINION AND ORDER**