IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LISA FLORES,                                    Civ No. 06-1564-AA

            Plaintiff,                          OPINION AND ORDER

        v.

QUICK COLLECT, INC.;
GREGORY A NIELSON; and
GREGORY A NIELSON PS; and
RONALD THOMPSON,

            Defendants.
_____

Keith D. Karnes
Olsen, Olsen, & Daines, LLC
1599 State Street
P.O. Box 12829
Salem, OR  97309-0829
        Attorney for plaintiff

John Michael Unfred
P.O. Box 327
Salem, OR 97308-0327
        Attorney for defendants

AIKEN, Judge:

        Plaintiff Lisa Flores filed suit alleging that defendants

violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.

§ 1692, *et seq*. and invaded her privacy under state common law.

1 - OPINION AND ORDER

Plaintiff seeks actual and statutory damages for the alleged violations. Defendants move for summary judgment on all claims. Plaintiff, in turn, moves for partial summary judgment on the issue of liability under the FDCPA. Defendants' motion is granted, in part, and plaintiff's motion is denied.

## BACKGROUND

In August of 1997, plaintiff entered into a loan agreement with UFCW Northwest Federal Credit Union (UFCW). Affidavit of Gregory A. Nielson (Nielson Aff.), Ex. A. Plaintiff subsequently defaulted on the loan.

On July 25, 2000, UFCW filed suit against plaintiff in the small claims division of Multnomah County Circuit Court. On October 2, 2000, a default judgment was entered against plaintiff. Nielson Aff., Court Docket.

On November 9, 2000, UFCW issued a writ of garnishment to Meier & Frank, apparently the employer of plaintiff. On July 12, 2001, a second writ of garnishment was issued to Meier & Frank.

On November 15, 2001, UFCW sent the default judgment to Quick Collect for collection, and on November 16, 2001, Quick Collect sent plaintiff the required verification.

On November 21, 2001, plaintiff contacted Quick Collect by telephone. Quick Collect contacted plaintiff by telephone at her residence on December 26, 2001, January 23, 2002, February 18, 2002, and attempted to contact plaintiff on October 31, 2002, but

plaintiff's telephone had been disconnected.  Affidavit of Michelle Williams (Williams Aff.).

On March 18, 2003, the default judgment against plaintiff was assigned to Quick Collect.

In June 2006, plaintiff again contacted Quick Collect.

On July 24, 2006, Quick Collect (through defendant Ronald Thompson) filed a motion in Multnomah County Circuit Court seeking an order for a debtor examination.

On July 25, 2006, the motion was granted, and the court issued an order requiring plaintiff's appearance at a debtor examination scheduled for September 7, 2006 at the Multnomah County Courthouse.

On August 14, 2006, Quick Collect contacted plaintiff at her place of employment.  On August 16, 2006, plaintiff contacted Quick Collect.  Williams Aff.

On August 17, 2006, Quick Collect (through defendant Gregory A. Nielson) issued a writ of garnishment with respect to plaintiff's bank account.

Defendants assert that on September 7, 2006, an employee of Quick Collect, Jason Garner, was present at the Multnomah County Courthouse to conduct plaintiff's debtor examination.  According to Garner, Multnomah County does not have a formal check-in procedure for debtor examinations.  Typically, the debtor asks the clerk of court if a representative of Quick Collect is present, or Garner calls out and asks if anyone is present for a Quick Collect matter.

3 - OPINION AND ORDER

The clerk, who is present in the courtroom, then swears in the debtor, and Garner conducts the debtor examination in the hallway. If more than one debtor is present, Garner asks one of them to wait in the courtroom until the first examination is completed.  See Affidavit of Jason Garner (Garner Aff.).

Garner asserts that he arrived at the Multnomah County Courthouse at 8:00 a.m. on September 7, 2006.  He called out to persons in the courtroom and asked if anyone was present for a Quick Collect matter.  No one answered.  A few minutes later, a couple entered the courtroom and stated they were present for a Quick Collect matter.  Garner approached them, they were sworn, and they and Garner went into the hallway.  After Garner finished the debtor examination, he returned to the courtroom and saw that court proceedings had begun.  Garner looked for but did not observe a person in the courtroom who met plaintiff's description.

According to plaintiff, she also arrived at the Multnomah County Courthouse at 8:00 a.m. on September 7, 2006 and asked the clerk if a Quick Collect representative was present.  The clerk said no.  Plaintiff waited and checked in the hallway for a representative of Quick Collect.  She then left.

On November 1, 2007, plaintiff filed this action.

On November 8, 2006, plaintiff filed a motion in Multnomah County Circuit Court to set aside the default judgment.

On December 15, 2006, the motion was denied.

4 - OPINION AND ORDER

<u>STANDARD</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. <u>Id.</u> at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. <u>T.W. Elec.</u>, 809 F.2d at 630.

5 - OPINION AND ORDER

DISCUSSION

Plaintiff argues that defendants violated the FDCPA by issuing a writ of garnishment and seeking a judgment debtor examination in Multnomah County Circuit Court, an allegedly improper venue.[1] Plaintiff claims that she did not reside in Multnomah County at the time of the writ or debtor examination, nor was it the county in which she entered the underlying loan agreement with UFCW. Accordingly, plaintiff argues that defendants' actions to collect on the judgment in Multnomah County violated the venue provision of the FDCPA.  See 15 U.S.C. § 1692i.  Further, plaintiff maintains that defendants' actions in seeking the debtor examination constituted harassment, a false or misleading representation, and an unfair or unconscionable means of collection, because defendants knew or should have known that they could not seek enforcement of the judgment in Multnomah County.  Id. §§ 1692d, 1692e, 1692f. Finally, plaintiff suggests that the underlying default judgment against her is invalid and unenforceable, because it, too, was obtained in the wrong venue.

As an initial matter, plaintiff cannot raise a collateral challenge to the validity of the default judgment obtained by UFCW. Although plaintiff claims that UFCW obtained the default judgment

_____

[1]If a lawyer who is regularly engaged in the collection of consumer debts participates in proscribed conduct, he or she can be found liable under the FDCPA for such conduct.  Heintz v. Jenkins, 514 U.S. 291, 299 (1995).

6 - OPINION AND ORDER

in an improper venue under § 1692i, UFCW was not a "debt collector" within the meaning of the FDCPA when it obtained judgment against plaintiff, and the relevant venue provision does not apply.  <u>See</u> U.S.C. § 1692a(6).  Moreover, plaintiff moved to set aside the default judgment in November 2006, and her motion was denied. Therefore, a valid judgment against plaintiff exists, and Quick Collect, as the assignee of the judgment, is entitled to collect on it.  The manner in which Quick Collect may seek collection is the only relevant issue in this case.

Both parties move for summary judgment on the issue of liability under the FCDPA.  Plaintiff's FDCPA claims are premised on her contention that Multnomah County is a prohibited venue for any collection action taken against her.  A debt collector may bring a "legal action on a debt . . . only in the judicial district or similar legal entity (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2).

Here, the default judgment obtained by UFCW and assigned to Quick Collect is a "debt" within the meaning of the FCDPA.  <u>See</u> 15 U.S.C. § 1692a(5); <u>Fox v. Citicorp Credit Servs., Inc.</u>, 15 F.3d 1507, 1515 (9th Cir. 1994).  Further, issuing a writ of garnishment and seeking a debtor examination are considered "legal actions on a debt" in the Ninth Circuit and subject to the venue provision under § 1692i.  <u>See Fox</u>, 15 F.3d at 1515 ("[A]ny judicial

proceeding relating to [] a judgment constitutes a 'legal action on a debt.'").  Finally, Yamhill, Multnomah, and Washington counties are considered distinct "judicial districts" for purposes of § 1692i, because Oregon law provides a mechanism for enforcement of judgments entered in a different circuit court.  Id.; see Or. Rev. Stat. § 18.255(1).  Accordingly, under the FCDPA, defendants may bring enforcement actions against plaintiff 1) in the county in which she resides when the action is commenced, or 2) in the county in which the underlying loan agreement was signed.[2]

Here, it is undisputed that plaintiff resided in Yamhill County when defendants issued a writ of garnishment and sought a debtor examination, as the Writ of Garnishment and Order requiring appearance at the debtor examination includes plaintiff's address in Newburg, Oregon.  See attachments to Plaintiff's Response to Motion for Summary Judgment and Nielsen Aff., Ex. F.  However, the loan agreement itself does not indicate where plaintiff signed the agreement, Nielson Aff., Ex. A, and neither party presents evidence to show that plaintiff did or did not sign the agreement in Multnomah County.  Plaintiff declares that she signed the agreement

---

[2]Common sense would dictate that a debt collector could also seek enforcement action in the judicial district in which a judgment on the debt was entered, given that the purpose of § 1692i is to prevent collection action in distant venues that have no connection to the debtor.  See Fox, 15 F.3d at 1515.  However, I am bound by the plain language of the FDCPA that expressly limits venue to districts in which the consumer resides or "signed the contract sued upon."  15 U.S.C. § 1692i(a)(2).

8 - OPINION AND ORDER

in Washington County, but she provides no supporting documentation. Therefore, I find that questions of fact remain and summary judgment inappropriate on plaintiff's § 1692i claim.[3]

Next, defendants argue that they cannot be held liable for violations of §§ 1692d, 1692e, and 1692f, because they were legally entitled to issue a writ of garnishment and seek a debtor examination to collect on the judgment. However, the fact that defendants were entitled to take enforcement action against plaintiff to collect on the judgment does not support summary judgment in their favor. The issue is not whether defendants could take such action; the issue is whether defendants could take such action in the Circuit Court for Multnomah County.

Plaintiff contends that defendants issued a false threat of legal action when they sought the debtor examination. Under the FDCPA, a false or misleading representation includes the "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). In support of her claims, plaintiff cites the warning included in the Order for

---

[3]Even if the UFCW loan agreement was not signed in Multnomah County, defendants argue that they were entitled to rely on the fact that judgment was entered in Multnomah County. It may well be that defendants could assert the FDCPA's "bona fide error" exception. See 15 U.S.C. § 1692k(c) ( debt collector may avoid liability if it is shown by a "preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error."). Notably, "bona fide error" must be pled as an affirmative defense. Fox, 15 F.3d at 1514.

Appearance of Judgment Debtor stating that plaintiff "may be charged with contempt of court and arrested" if she failed to appear for the debtor examination. See Nielson Aff., Ex. F. Plaintiff maintains this statement was false, because defendants never intended to arrest plaintiff and could not have legally arrested plaintiff for failure to appear when the debtor examination was sought in an improper venue.

Notably, the warning was not issued by defendants - it was issued by a Circuit Court judge for the State of Oregon. Granted, defendants admittedly provided the relevant language for the Order, but defendants did not issue this "threat." Moreover, after being ordered to appear by the court, plaintiff's failure to do so could have resulted in contempt of court and arrest, regardless of whether venue was appropriate under the FDCPA. See Or. Rev. Stat. §§ 33.015(2)(b)-(c), 33.025, 33.105(1). Therefore, I do not find that defendants made a false or misleading representation within the meaning of the FCDPA.

Plaintiff also argues that the "threat" of arrest constitutes harassing or oppressive conduct and an unfair means to collect a debt under §§ 1692d and 1692f. However, for the reasons explained above, I do not find that a warning issued by a Circuit Court judge in an order requiring plaintiff's appearance constitutes harassing or oppressive behavior or an unfair or unconscionable means of collection on the part of defendants. Accordingly, summary

judgment is granted on plaintiff's claims under 15 U.S.C. §§ 1692d, 1692e, and 1692f.

Finally, defendants move for summary judgment on plaintiff's claim of invasion of privacy by intrusion on seclusion. It is undisputed that defendants contacted plaintiff by telephone on several occasions, issued a writ of garnishment, and sought a debtor examination. I agree with defendants that plaintiff presents no facts to suggest that defendants intentionally intruded on her private affairs or concerns in a highly offensive manner. See Mauri v. Smith, 324 Or. 476, 483, 929 P.2d 307 (1996).

<u>CONCLUSION</u>

Defendants' motion for summary judgment (doc. 16) is GRANTED with respect to plaintiff's claims under 15 U.S.C. §§ 1692d, 1692e, and 1692f, and her for invasion of privacy. Defendants' motion is DENIED with respect to plaintiff's claim under 15 U.S.C. § 1692i. Plaintiff's motion for partial summary judgment (doc. 27) is DENIED. A telephonic status conference is set for September 25, 2007 at 9:30 a.m. to discuss settlement options. The court shall initiate the call.

IT IS SO ORDERED.

Dated this ___18___ day of September, 2007.


_____/s/ Ann Aiken_____
Ann Aiken
United States District Judge

11 - OPINION AND ORDER